THOMAS SLOAN

*v.*

STATE COMPENSATION COMMISSIONER AND
THE NEW RIVER COMPANY

(No. 10380)

Submitted September 5, 1951. Decided October 9, 1951.

*Mahan, White & Higgins,* for appellant.

*Townsend & Townsend,* and *R. L. Theibert,* for appellee.

Fox, PRESIDENT:

This case involves the single question of the proper construction of that part of Section 6-a, Article 4, Chapter 136, Acts of the Legislature, 1949, which defines silicosis in the third stage. There are no factual questions involved. The claimant is suffering from silicosis, accompanied by an advanced stage of tuberculosis. The silicosis alone is not sufficiently advanced to cause total permanent disability, and the tuberculosis from which he suffers, and which accompanies his silicosis, in itself, is so far advanced as to cause total permanent disability. He applied for compensation, and the Compensation Commissioner and the Appeal Board agreed in finding total permanent disability, and that he was entitled to compensation fixed by law for that condition of health.

Section 6-a, aforesaid, makes the following enactment in respect to silicosis in the third stage:

> "An employee shall, for the purpose hereof, be deemed to have silicosis: * * * (3) In the third stage when it is found by the commissioner that the employee has silicosis resulting in total permanent disability, whether or not accompanied by tuberculosis of the lungs."

In interpreting this statute, the Commissioner and the Appeal Board overruled the contention of the employer that the quoted statute required that before compensa-

tion could be granted for silicosis in the third stage, the silicosis alone must have resulted in total permanent disability; and that in this case the fact that the disability was occasioned by tuberculosis, independent of any degree of silicosis the employee may have had, was not sufficient to justify an award. This being a statute not heretofore interpreted by this Court, we granted this appeal.

It seems advisable to trace the history of the silicosis statutes that have been enacted in this State. The first Act was Chapter 79, Acts of the Legislature, 1935, which was enacted as Article 6 of Chapter 23 of the Code of West Virginia, 1931, relating to Workmen's Compensation, and that Act contains the definition of silicosis appearing in Section 5 of Article 6, aforesaid, and reads as follows:

> "For the purpose of this article, silicosis is defined as an insidious fibrotic disease of the lung or lungs due to the prolonged inhalation and accumulation sustained in the course of and resulting from his employment, of minute particles of dust containing silicon dioxide ($SiO_2$) over such a period of time and in such amounts as result in the substitution of fibrous tissue for normal lung tissues; and the term 'silicosis' as used herein shall also include silicosis accompanied by tuberculosis of the lungs evidenced by the presence of tubercle bacillus in the sputum."

This definition has been amended and now reads:

> "For the purpose of this chapter silicosis is defined as an insidious fibrotic disease of the lung or lungs due to the prolonged inhalation and accumulation, sustained in the course of and resulting from employment, of minute particles of dust containing silicon dioxide ($SiO_2$) over such a period of time and in such amounts as result in the substitution of fibrous tissues for normal lung tissues, whether or not accompanied by tuberculosis of the lungs."

In Section 7 of said Article 6 of the 1935 Act it is provided:

> "An employee shall, for the purposes hereof, be deemed to have silicosis: (1) In the first stage

when it is found by the commissioner that the earliest detectable specific signs of silicosis are present, whether or not capacity for work is or has been impaired by such silicosis; (2) In the second stage when it is found by the commissioner that definite and specific physical signs of silicosis are present, and that capacity for work is or has been impaired by that disease; (3) In the third stage when it is found by the commissioner that the employee has silicosis accompanied by tuberculosis of the lungs evidenced by the presence of tubercle bacillus in the sputum."

This statute was amended by Chapter 131, Acts of the Legislature, 1945, and Article 6, enacted in 1935, was repealed and the same incorporated in the general Workmen's Compensation laws of the State. The definition of silicosis was covered by Section 6-a of Article 4 of the Act, and was amended to read:

"An employee shall, for the purposes hereof, be deemed to have silicosis: (1) In the first stage when it is found by the commissioner that the earliest detectable specific signs of silicosis are present, whether or not capacity for work is or has been impaired by such silicosis; (2) In the second stage when it is found by the commissioner that definite and specific physical signs of silicosis are present, and that capacity for work is or has been impaired by that disease; (3) In the third stage when it is found by the commissioner that the employee has silicosis accompanied by active tuberculosis of the lungs resulting in total and permanent disability."

Section 6-a quoted above was again amended by Chapter 136, Acts of the Legislature, 1949, and made to read:

"An employee shall, for the purpose hereof, be deemed to have silocosis: (1) In the first stage when it is found by the commissioner that the earliest detectable specific signs of silicosis are present, whether or not capacity for work is or has been impaired by such silicosis; (2) In the second stage when it is found by the commissioner that definite and specific physical signs of silicosis are present, and that capacity for work is

or has been impaired by that disease; (3) In the third stage when it is found by the commissioner that the employee has silicosis resulting in total permanent disability, whether or not accompanied by tuberculosis of the lungs."

It is apparent that the Legislature has from time to time liberalized the Act in favor of the employee. The first step in this policy was the removal of the requirement that evidence of tuberculosis should appear in the sputum of the afflicted person. That was accomplished by the 1945 Act, which only required that active tuberculosis should be shown to exist, along with silicosis, to entitle an employee to the rating of third stage silicosis. Up to that time, however, there was no direct provision of the statute which authorized an award of compensation for third stage silicosis unless the same was accompanied by tuberculosis. Both the 1935 and the 1945 Acts specifically state that silicosis must be accompanied by tuberculosis, leaving no provision whatever for an award of compensation in cases where silicosis alone created total permanent disability. It is quite apparent to us that what the Legislature intended by the 1949 amendment was to make it possible for an employee totally incapacitated by silicosis alone to receive an award of compensation on the basis of third stage silicosis. We are convinced that the Legislature never intended to deprive an employee of compensation where silicosis and tuberculosis combined caused the total permanent disability. To so hold would be to impute to the Legislature an intent foreign to that manifested by that body since provision was first made for the payment for silicosis contracted in a course of certain employment having a tendency to produce that disease.

We are confirmed in our construction of the statute by the original definition given silicosis in the Acts of 1935, as it has been amended. In the original Act, silicosis is defined as an insidious fibrotic disease and then is added the language "and the term 'silicosis' as used herein shall also include silicosis accompanied by tuberculosis of the

lungs." "Silicosis resulting in permanent disability" as used in the definition of the third stage, as it now exists in Section 6-a, can well be defined as silicosis accompanied by tuberculosis of the lungs, because of the use of the language "whether or not accompanied by tuberculosis of the lungs." That being true, we cannot properly consider the word as there used in its technical sense, but we should treat it as silicosis accompanied by tuberculosis of the lungs. The words "whether or not accompanied by tuberculosis of the lungs" merely removed the requirement theretofore existing that before you could have silicosis in the third stage you must at the same stage have some degree of tuberculosis both together producing total permanent disability.

We are of the opinion that the language employed by the Legislature in amending Section 6-a with respect to silicosis in the third stage, supported by the language employed in the general definition of silicosis, and when the entire history of the Act is considered, justified the separate orders entered by the Commissioner and the Appeal Board. We therefore hold that in allowing compensation for silicosis in the third stage, the Commissioner and the Appeal Board followed the clear intent of the Legislature, did not commit error, and their orders aforesaid are affirmed.

*Affirmed.*