WILLIAM R. LOCKHART

*v.*

STATE COMPENSATION COMMISSIONER AND THE POCAHONTAS FUEL CO., *Inc.*

(No. 10925)

Submitted January 8, 1958. Decided February 11, 1958.

*Crockett & Tutwiler, H. R. Hawthorne,* for appellants.

*M. E. Boiarsky, R. L. Theibert,* for appellee.

GIVEN, JUDGE:

Claimant, Ola Lockhart, as dependent widow of William Lockhart, filed her claim for an award with the State Compensation Commissioner. The basis of the claim was that William Lockhart died of silicosis contracted in the course of and as a result of his employment. The Silicosis Medical Board reported that the employee, at the time of his death, was suffering from the disease silicosis in the third stage. The finding of the commissioner was to the same effect, and an award was made in conformity with the finding. The Workmen's Compensation Appeal Board affirmed the order of the commissioner.

There is evidence in the record to support a finding that the employee was suffering from silicosis, in some stage or degree, at the time of his death, though it is clear that the silicotic condition of the lungs of the employee, at the time of his death, was not, standing alone, unaccompanied by any other disease or debility, sufficiently advanced to have rendered the employee totally and permanently disabled. Neither does there seem to be any question that "This man had extensive pulmonary tuberculosis with cavities in both lungs, and one lung was collapsed. And when that lung collapsed it quit functioning entirely, and there was not enough normal lung functioning tissue in the other lung for him to stay alive on. So, I should say that the immediate cause of death was the collapse of the lung, due to pulmonary tuberculosis."

From these facts, the controlling question arises: "Did the employee suffer from the disease silicosis in the third stage at the time of his death, within the meaning of the pertinent statutory provisions? The pertinent statutory provisions, Michie's 1955 Code, 23-4-6a, define silicosis in the third stage in this language: "* * * (3) In the third stage when it is found by the commissioner that the employee has silicosis resulting in total permanent disability, whether or not accompanied by tuberculosis of the lungs * * * (d) If the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities and the commissioner has determined at the time of the original award that he was suffering from silicosis in the third stage, the benefits shall be in the amounts and to the persons provided for in section ten of this article * * *". A provision in the same Code, 23-4-10, contains provisions relating to claims of dependents in this language: "* * * if death results from determined third stage silicosis or from any other occupational disease within six years from the date of the last exposure to the hazard of silicon dioxide dust or to the other particular occupational hazard involved, as the case may be, the benefits shall be in the amounts and to the person as follows: * * * If the deceased employee leaves a dependent widow or invalid widower, the payment shall be sixty dollars a month * * *".

In *Hobday* v. *Compensation Commissioner*, 126 W. Va. 99, 27 S. E. 2d 608, this Court held: "6. The term 'silicosis' as used in Chapter 79 of the Acts of 1935 includes 'silicosis accompanied by tuberculosis' as therein described; hence death or disability from the combined effect of both these diseases, or from the effect of either, where they coexist, is compensable, regardless of which is the immediately active agent producing the disability or death." At the time of the decision in that case, the statute defining silicosis in the third stage read: "(3) In the third stage when it is found by the commissioner that the employee has silicosis accompanied by tuberculosis of the lungs evidenced by the presence of tubercle bacillus

in the sputum." In the opinion, it was stated: "It is thus seen that silicosis in the third stage is a compound malady, consisting of simple silicosis accompanied by a stated degree of tuberculosis * * *".

The precise question now before the Court was again considered in *Sloan* v. *State Compensation Commissioner*, 136 W. Va. 164, 67 S. E. 2d 32. In the *Sloan* case the holding was: "The definition of silicosis in the third stage, contained in Section 6-a, Chapter 136, Acts of the Legislature, 1949, reading: 'An employee shall, for the purpose hereof, be deemed to have silicosis: * * * (3) In the third stage when it is found by the commissioner that the employee has silicosis resulting in total permanent disability, whether or not accompanied by tuberculosis of the lungs.', does not exclude an allowance of compensation to an employee for third stage silicosis even though the silicosis alone is not of itself sufficient to produce total permanent disability, and it appears that such total permanent disability may have resulted from tuberculosis independently of silicosis." As will be noticed from the quotation, the language of the statute controlling in the *Sloan* case is the same as that of Section 6a, quoted above. In the *Sloan* case, it was pointed out that the claimant-employee was "* * * suffering from silicosis, accompanied by an advanced stage of tuberculosis. The silicosis alone is not sufficiently advanced to cause total permanent disability, and the tuberculosis from which he suffers, and which accompanies his silicosis, in itself, is so far advanced as to cause total permanent disability. He applied for compensation, and the Compensation Commissioner and the Appeal Board agreed in finding total permanent disability, and that he was entitled to compensation fixed by law for that condition of health." The finding of the commissioner and the granting of the award were affirmed by this Court.

The pertinent statute quoted above permits an award to a dependent only in the event of the death of the employee. Formerly, prevailing medical opinion appears to

have been that silicosis, unaccompanied by any other disease or marked debility, never resulted in death. Intense study, experimentation, experience and new tests, including new methods of diagnosis in relation to silicosis and, perhaps, asbestosis, siderosis, bagassosis, and the beryllium disease, now apparently make it certain that death of an employee affected with silicosis often results from the combined effects of the silicosis disease and tuberculosis. It also appears certain that an employee who has contracted silicosis, though in a degree or stage not greater than first stage or second stage, as defined by the statute, is much more likely to contract tuberculosis because of the presence of the disease silicosis. The effect of the disease silicosis on the tissues of the lungs makes the incipiency of tuberculosis much more probable, its progress more rapid, and its results, combined with the results of the disease silicosis, often, if not usually, fatal. Where an employee suffers from the combined effects of silicosis and tuberculosis, no method is known whereby the degree of disability resulting from either disease may be measured, or determined with any assurance of accuracy.

Faced with such medical problems, it was apparent to the Legislature that an employee, or dependent, would seldom, if ever, be able to establish by proof total and permanent disability, or death, resulting from silicosis, if it be required that the effects of the tubercular condition be separated from the effects of the silicosis. In its attempt, therefore, to define third stage silicosis and provide benefits for employees and their dependents— the overall purpose of the legislation—it was necessary to consider the combined effects of the two diseases. The language used, quoted above, is hardly susceptible of any other meaning. The first requirement is simply that the employee must have contracted the disease silicosis. No advanced stage of such disease is required, but "total and permanent disability" must exist; but "total and permanent disability" may exist whether resulting from silicosis alone or from the combined effects of the two diseases.

Thus, on a further examination of the reasons for the holding in the *Sloan* case, we are of the opinion that such holding should be approved and that the orders of the Workmen's Compensation Appeal Board and the order of the State Compensation Commissioner allowing the award should be affirmed.

*Affirmed.*