HERBERT A. RAINES

*v.*

STATE COMPENSATION COMMISSIONER AND
THE NEW RIVER COMPANY

(No. 11047)

Submitted April 21, 1959.　　　Decided May 12, 1959.

*Mahan, White, Higgins & Graney,* for appellant.

*M. E. Boiarsky, R. L. Theibert,* for appellee.

BROWNING, Judge:

Claimant, Herbert A. Raines, filed application for silicosis benefits with the State Compensation Commissioner on August 17, 1957. The Commissioner made the appropriate non-medical findings in regard to exposure and referred the claim to the Silicosis Medical Board, who examined the claimant and reported its findings, under date of February 4, 1958, that claimant was suffering from silicosis in its second stage. Claimant protested this finding and at the hearing it was developed that claimant, at the time of the Board's examination, was a patient in a tuberculosis sanitarium being treated for active tuberculosis and had been so confined for the previous fourteen months.

Chapter 131, Acts of the Legislature, Regular Session, 1945, as amended, now Michie's Code, 1955, § 2531 (1), provides: "An employee shall, for the purpose hereof, be deemed to have silicosis: * * *; (2) In the second stage when it is found by the commissioner that definite and specific physical signs of silicosis are present, and that capacity for work is or has been impaired by that disease; (3) In the third stage when it is found by the

commissioner that the employee has silicosis resulting in total permanent disability, whether or not accompanied by tuberculosis of the lungs.

"Where compensation for silicosis is due an employee under the provisions hereof, such compensation shall be as provided in the following schedule: * * * in the second stage, the employee shall receive two thousand dollars as compensation in full * * * which shall be a final payment and operate as a full release by the employee for compensation and for any claim against the employer that the employee may thereafter have for silicosis and irrespective of whether the employee thereafter continues in the same employment, he shall not have the right to receive any or further compensation or make any claim because of silicosis either to the commissioner or against his employer. * * *."

X-rays of claimant's lungs revealed changes consistent with a severe silicosis and the Board found that claimant was totally disabled at the time of its examination; however, the Board, while admitting the speculative nature of any prognosis in regard to a specific individual concluded that, from claimant's age, 46, and the recent medical advances in the treatment and cure of tuberculosis generally, claimant's total disability would not be permanent.

The Commissioner, by order of May 1, 1958, affirmed the finding of the Silicosis Medical Board and awarded the claimant compensation for silicosis in its second stage. Upon appeal by the claimant to the Workmen's Compensation Appeal Board, the Appeal Board, on January 12, 1959, reversed the Commissioner and granted an award to claimant for silicosis in its third stage, to which order, upon petition by the employer, The New River Company, this Court granted an appeal on February 2, 1959.

By Chapter 79, Section 7, Acts of the Legislature, Regular Session, 1935, third stage silicosis was defined

as: "(3) In its third stage when it is found by the commissioner that the employee has silicosis accompanied by tuberculosis of the lungs evidenced by the presence of tubercle bacillus in the sputum."

Chapter 131, Section 6a, Acts of the Legislature, Regular Session, 1945, defined third stage silicosis as follows: "(3) In the third stage when it is found by the commissioner that the employee has silicosis accompanied by active tuberculosis of the lungs resulting in total and permanent disability."

The present law, Chapter 136, Acts of the Legislature, Regular Session, 1949, heretofore quoted, defines third stage silicosis thusly: "(3) In the third stage when it is found by the commissioner that the employee has silicosis resulting in total permanent disability, whether or not accompanied by tuberculosis of the lungs."

This Court, in *Sloan* v. *State Compensation Commissioner*, 136 W. Va. 164, 67 S. E. 2d 32, and *Lockhart* v. *State Compensation Commissioner*, 143 W. Va. 360, 101 S. E. 2d 852, in construing the present statute held that where an employee is suffering from silicosis complicated by tuberculosis the combined effect of the two diseases must be considered in fixing the degree of his disability and in determining whether he has silicosis in the third stage.

Two members of the Silicosis Medical Board testified on cross-examination. It is clear from their testimony that the claimant was, at the time of the hearing, totally disabled, but the view was expressed that he would eventually recover from tuberculosis. However, on cross-examination, the members of the Board admitted that their opinion "involves speculation", and that their prognosis is "probably subject to error." At that time, this claimant was a patient at the Beckley Sanitarium for tubercular patients, and had been such a patient for fourteen months.

This Court holds that upon such testimony and the en-

tire record before it, the Appeal Board was not clearly wrong in reversing the Commissioner's order of May 1, 1958, finding that the claimant was suffering from silicosis in the second stage, and awarding claimant benefits for silicosis in the third stage, as that disease is defined by statute, and its order in so holding is affirmed.

*Affirmed.*